2
BRIAN M. ROTHSCHILD (252573)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:     801.532.1234
Facsimile:     801.536.6111
BRothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Attorneys for Appellants Parsons Behle &*
*Latimer and Advanced CFO*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SLIDEBELTS, INC.,<br><br>Debtor. | Arising from Adv. Proc. No. 2021-02052<br><br>DC No. BMR-2<br><br>(Related to Chapter 11 Case No. 2019-25064)<br><br>E.D. Cal. Case No. 21-CV-02254-TLN |
| SLIDEBELTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PARSONS BEHLE & LATIMER,<br>ADVANCED CFO, and KNOBBE<br>MARTENS OLSON & BEAR,<br><br>Defendants. | **MOTION FOR LEAVE TO FILE<br>INTERLOCUTORY APPEAL** |

Parsons Behle & Latimer ("**Parsons Behle**") and Advanced CFO ("**Advanced CFO**" and,

together with Parsons Behle, "**Defendants**"), by and through their counsel of record, move for

permission to appeal the Bankruptcy Court's Order (ECF 24) denying their Motion to Dismiss

(BMR-1).  The Motion is supported by the contemporaneously filed Notice of Appeal, Motion for

Stay Pending Appeal, and the Memorandum of Points and Authorities in Support of the Motion.

1   Dated:  February 16, 2022                    PARSONS BEHLE & LATIMER

2
                                                /s/Brian M. Rothschild
3                                        By:        BRIAN M. ROTHSCHILD
                                                Attorneys for Appellants Parsons Behle &
4                                                Latimer and Advanced CFO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

4863-0947-2773

7
BRIAN M. ROTHSCHILD (252573)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:     801.532.1234
Facsimile:     801.536.6111
BRothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Attorneys for Appellants Parsons Behle &*
*Latimer and Advanced CFO*

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SLIDEBELTS, INC.,<br><br>        Debtor. | Arising from Adv. Proc. No. 2021-02052<br><br>DC No. BMR-2<br><br>(Related to Chapter 11 Case No. 2019-25064)<br><br>E.D. Cal. Case No. 21-CV-02254-TLN |
| SLIDEBELTS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSONS BEHLE & LATIMER,<br>ADVANCED CFO, and KNOBBE<br>MARTENS OLSON & BEAR,<br><br>        Defendants. | **MEMORANDUM IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE<br>INTERLOCUTORY APPEAL** |

4863-0947-2773

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

FACTUAL BACKGROUND ..................................................................................................... 1

I.      THE FIRST CASE ..................................................................................................... 1

II.     DISMISSAL AND THE JUNE 30 ORDER ............................................................. 2

III.    THE SECOND CASE ................................................................................................ 3

IV.     THE COMPLAINT ................................................................................................... 3

V.      THE MOTION TO DISMISS .................................................................................. 4

LEGAL STANDARD ............................................................................................................. 6

ARGUMENT .......................................................................................................................... 6

CONCLUSION ....................................................................................................................... 8

-i-

# **TABLE OF AUTHORITIES**

**Cases**

*Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*,
    614 B.R. 344 (N.D. Cal. 2020) ................................................................................. 6

*In re Cement Antitrust Litig.* (MDL No. 296),
    673 F.2d 1020 (9th Cir. 1981) ................................................................................. 6

**Statutes**

28 U.S.C. Section 1292(b) ............................................................................................. 6

4863-0947-2773

Parsons Behle & Latimer ("**Parsons Behle**") and Advanced CFO ("**Advanced CFO**" and, together with Parsons Behle, "**Defendants**"), by and through their counsel of record, move for permission to appeal the Bankruptcy Court's Order (ECF 24) denying their Motion to Dismiss (BMR-1).

## FACTUAL BACKGROUND

### I.   THE FIRST CASE

1.   On August 12, 2019, the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code in the First Case in the United States Bankruptcy Court for the Eastern District of California (the "**Bankruptcy Court**").  (ECF 1.)

2.   The Debtor, with the assistance of Parsons Behle, proposed a chapter 11 plan of reorganization (the "**Plan**") on April 8, 2020.  (ECF 238.)

3.   On March 26, 2020, the United States Trustee belatedly appointed an Unsecured Creditors' Committee (the "**Committee**").  (ECF 222.)

4.   The Committee employed Darren R. Brinkman of Brinkman Portillo as attorneys (ECF 289) and Dundon Advisors LLC (ECF 336) as financial advisors to the Committee.

5.   The Committee objected to nearly every action taken by the Debtor, including Parsons Behle's compensation (ECF 307) and the Debtor's Plan and proposed Disclosure Statement (ECF 332).  The Committee's professionals' excessive fees rendered the Debtor's estate administratively insolvent while contributing nothing to the administration of the estate.

6.   Parsons Behle's First Application for Allowance of Fees and Reimbursement of Expenses was approved in the amounts of $46,847.50 and $8,104.24, respectively. (ECF 182). Parsons Behle's Second Application for Allowance of Fees and Reimbursement of Expenses were approved in the amounts of $60,708.00 and $2,286.86, respectively.  (ECF 315).  The Orders approving the Applications order the Debtor to pay Parsons Behle while the First Case was pending, and the Debtor complied.

7.   The Bankruptcy Court, on May 19, 2020, awarded, and the Debtor had paid in full, Advanced CFO $11,969.25 for fees and reimbursable expenses under its Final Application for Compensation.  (ECF 316.)

-1-

## II.      DISMISSAL AND THE JUNE 30 ORDER

8.      To stop the bleeding of excessive professionals' fees and to avail itself of the relative better fit of newly-created Subchapter V, the Debtor moved to dismiss the First Case so it could refile under Subchapter V in the Second Case.  (ECF 363.)

9.      Contemporaneous with the hearing on the Motion to Dismiss, the Bankruptcy Court also heard Parsons Behle's final Application for Compensation.  (ECF 368.)

10.      At the hearing on the Motions to Dismiss and Parsons Behle's Final Application for Compensation, the Bankruptcy Court granted Parsons Behle's Final Application in the total amount of $75,838.81.  (Order, June 30, 2020, ECF 403 (the "**June 30 Order**"), a true and correct copy of which is attached as Exhibit A hereto). The Bankruptcy Court at the hearing orally authorized payment of Parsons Behle's allowed administrative expenses prior to dismissal.  But, in a *sua sponte* reconsideration, the Court in the June 30 Order reversed its position and "upon further reflection," proscribed the Debtor from paying anything further to Parsons Behle or any other professional until after all professionals' fee applications were resolved and upon further order.  (*Id.* at ¶¶ 3-5.) Parsons Behle complied with the June 30 Order and, although the Debtor had already sent payment (due to the Bankruptcy Court's oral ruling at the hearing ordering payment), Parsons Behle returned the final payment, leaving it unpaid for its third and final fee application.  (*Id.*; *see also* accounting in Complaint at 2.)

11.      Notably, the June 30 Order did not order Parsons Behle or Advanced CFO to disgorge or repay any amounts to the Debtor or any person.  (June 30 Order, Ex. A, ECF 403.)

12.      Notably, the June 30 Order did not set aside, bifurcate the assets of the estate, retain them in an estate that was not subject to the dismissal, or require the Debtor to escrow funds or otherwise provide for the actual payment of administrative claims.  (*Id.*)

13.      Rather, the June 30 Order stated that the "debtor shall not make further payment of administrative expenses . . . to any claimant . . . ."  (*Id.* ¶ 3 (emphases added), and ordered that the Debtor to either pay all claims in full or pay them pro rata.

14.      The Debtor (not the Defendants) failed to comply with the June 30 Order by failing to pay all professionals pro rata or in full.

15.     As of the date of the dismissal, therefore, Parsons Behle held an allowed claim in the amount of $75,838.81 because it had returned the payment it received.  At that time, the Debtor had no cause of action against Parsons Behle.

16.     At that time, Advanced CFO had been paid in full and so neither the Debtor nor Advanced CFO held any claim against the other.

17.     It is undisputed that, to this day, the Debtor has no claim against either Defendant.

## III.    THE SECOND CASE

18.     On August 25, 2020 (the "**Second Petition Date**"), the Debtor filed the Second Case and elected to proceed under Subchapter V of Chapter 11.  (Case No. 2020-24098, ECF 1.)

19.     The U.S. Trustee appointed David M. Sousa as the Subchapter V Trustee (the "**Subchapter V Trustee**").  (Case No. 2020-24098, ECF 18.)

20.     In the Second Case, the Debtor's Schedule A/B showed that it had $9,069,783 in total assets, including $162,047 in cash.  (Schedules, ECF 4, at 1, 3.)  The Debtor also disclosed that it had paid its counsel $30,000 to prepare the Second Case.  (Statement of Financial Affairs, ECF 5, at 34.)  Accordingly, the Debtor could have paid all of the professionals from the First Case, but it chose not to do so prior to filing the Second Case.

## IV.    THE COMPLAINT

21.     On July 16, 2021, the Debtor filed an adversary proceeding related to the First Case, which was dismissed more than a year earlier, an eight-paragraph Complaint (the "**Complaint**") with no cause of action stated, but merely a request for an order requiring payment by the Defendants of certain amounts as described below.  (Compl., a true and correct copy of which is attached as Exhibit B hereto.)

22.     The Complaint asserts "arising in" jurisdiction, stating "This adversary proceeding is one arising in the above referenced Chapter 11 case," which is listed on the caption as the First Case, Case No. 19-25064-A-11-A-11.  (Comp., Ex. B, ¶ 1.)

23.     Using passive phrasing, the Complaint inaccurately alleges that the June 30 Order requires that allowed administrative expenses in the First Case be paid pro rata. (*Id.* ¶ 2.)  Rather, that Order provides, in ¶ 3, that "debtor shall not make further payment of administrative expenses

-3-

. . . except as provided herein" and, in paragraph 5, orders that the Debtor simultaneously pay all professionals holding an approved administrative claim in full or pro rata.  (*Id.* ¶¶ 3, 5.)

24.     The Complaint alleges that the Debtor did not pay allowed administrative expenses in the First Case pro rata prior to filing the Second Case.  (*Id.* ¶ 3.)

25.     The Complaint accurately alleges that Parsons Behle received $67,753.50 in fees and $6,167.81 in expenses on June 30, 2020 and promptly returned such funds to the Debtor.  (*Id.* ¶ 5.)

26.     The Complaint accurately alleges that Advanced CFO was paid $11,969.25 for its allowed claim on December 24, 2019.  (*Id.* ¶ 6.)

27.     Although the Complaint does not state a cause of action, it contains a request for relief:

> Debtor requests that this Court enter an order requiring the repayment of funds by Parsons Behle & Latimer in the amount of $41,130.92, Advanced CFO in the amount of $7,296.89 . . . . Plaintiff requests that the fees be paid, to Mr. David Sousa the Subchapter V Trustee in [the Second] Case and that those funds be distributed pro rata to the allowed administrative claim holders in [the First] Case.

(*Id.* ¶ 8.)

## V.     **THE MOTION TO DISMISS**

28.     On October 13, 2021, Defendants filed a Motion to Dismiss (BMR-01) arguing, among other things, that the Court should dismiss the Complaint with prejudice because—

(1)     The Debtor has not suffered an injury in fact and, therefore, lacks standing.  It is undisputed that the Defendants neither injured the Debtor nor owe any debt to the Debtor: to the contrary, the Debtor owes Parsons Behle $75,838.81.

(2)     Unlike in a case converted to chapter 7, the Court lost jurisdiction over the Debtor's assets and causes of action in the First Case when the Debtor filed the Second Case.

(3)     Even in a chapter 7 case converted from chapter 11 that is administratively insolvent, disgorgement is not an available remedy as a matter of law.

(4)     The Court's June 30 Order did not order disgorgement, but rather, ordered the Debtor not to make further distributions.   Both Debtor and Defendants have

-4-

complied with that Order, and, even if they had not, the Order does not provide a cause of action for failure to obey nor does it give *the Debtor* a claim against Defendants.

(5) The Complaint fails to state a claim for turnover under section 542 because turnover requires an undisputed account *owed to the debtor* or identifiable property *of the debtor* not subject to dispute or setoff, neither of which is the situation here.

(6) The Debtor, not Defendants, if anyone, is liable for not following the Court's Order. The Debtor had more than $9 million in assets and even had cash sufficient to pay all of its administrative creditors from the First Case, but it chose not to. Defendants cannot be held liable for the Debtor's failure to comply with a court order.

(7) It is undisputed that neither Defendant owes any debt to the Debtor. To the contrary, the Debtor owes Parsons Behle $75,838.81. Advanced CFO owes the Debtor nothing, and the Debtor owes Advanced CFO nothing. The Debtor lacks standing as a matter of law. The Debtor likewise cannot assert a claim on behalf of the estate's creditors.

A true and correct copy of the Motion to Dismiss is attached as <u>Exhibit C</u> hereto.

29. The Bankruptcy Court held a hearing on the Motion to Dismiss on November 16, 2021. At the hearing, counsel for Defendants pointed out that the Order does not require Defendants to pay any funds to the Debtor or take any other action. The Court, in response, said that it knew what it "meant" by its own order. Court adopted its tentative ruling and denied the Motion to Dismiss.

30. The Bankruptcy Court entered civil minutes (ECF 21, a true and correct copy of which is attached as <u>Exhibit D</u> hereto) containing its ruling, and entered the Order denying the Motion to Dismiss (ECF 24, a true and correct copy of which is attached as <u>Exhibit E</u> hereto) from which Defendants appeal.

31. There are very few facts that could be disputed, although to be safe the parties will nevertheless have to propound and engage in costly discovery including depositions, document requests, interrogatories, and requests for admission.

1

**LEGAL STANDARD**

2      "In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the

3 analogous provisions of 28 U.S.C. Section 1292(b) governing review of interlocutory district court

4 orders by the courts of appeal." *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614

5 B.R. 344, 351 (N.D. Cal. 2020).  Under Section 1292(b), "[l]eave to appeal an interlocutory order

6 is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground

7 for a difference of opinion exists, and (3) an immediate appeal could materially advance the

8 ultimate termination of the litigation." *Id.* (citing *In re Cement Antitrust Litig.* (MDL No. 296),

9 673 F.2d 1020, 1026 (9th Cir. 1981)).

10      "[A] question of law is 'controlling' if its resolution on appeal could 'materially affect the

11 outcome of the litigation in district court.'" *Id.*  When "the issue presents novel and difficult

12 questions of first impression," the second factor.  *Id.* at 352.  Likewise, this factor can be shown

13 when "the relevant circuit has not spoken on the point and other circuits are in dispute." *Id.*  The

14 final factor is satisfied if an interlocutory appeal "may appreciably shorten the time, effort, or

15 expense of conducting a lawsuit." *Id.* (quoting *In re Cement Antitrust Litig.* (MDL No. 296), 673

16 F.2d 1020, 1026 (9th Cir. 1981)).

17      By local rule 145(a), this Court also asks for the movant to "address: (a) whether further

18 proceedings in Bankruptcy Court will affect the scope of the order to be reviewed; (b) whether the

19 order determines and seriously affects substantive rights; and (c) whether the denial of immediate

20 review will cause irreparable harm to appellant."

21

**ARGUMENT**

22      Interlocutory appeal is appropriate where, as here, (1) the issue for appeal is strictly legal

23 and on undisputed facts; (2) the issue is completely novel: no party has been able to find an

24 analogous case in which a debtor has been held to have stated a cause of action against a creditor

25 to pay funds to a third party, and there is no case where a debtor has been held to have a cause of

26 action against a party for repayment of funds on a legitimate antecedent debt but where it is

27 admitted that the debtor has no cause of action for fraudulent transfer or preference; (3) there is

28 clearly a substantial difference of opinion between the Court and Defendants; and (4) resolution

-6-

of the issue would will dispose of the litigation entirely, saving the Court, Plaintiff, and Defendants substantial resources.

In response to the requirements of Local Rule 145(a), Defendants state as follows:

(a) Further proceedings in the Bankruptcy Court will not affect the scope of the Order in this case.  The underlying chapter 11 case (the First Case) has been closed for more than a year.  The Plan has already been consummated in the Second Case.  Further discovery in the adversary proceeding will be unlikely to uncover any facts that could possibly change the known undisputed facts.

(b) The parties' serious and substantive rights are at issue.  If the Order is not overturned, Plaintiff and Defendants will be required to engage in costly litigation and a trial.  Further, Defendants' right to rely on previous orders of the Bankruptcy Court, to accept and retain compensation paid in bankruptcy cases without fear of arbitrary and capricious disgorgement without any substantive basis or even an allegation of misconduct, and the ability of such professionals to operate and provide services in the future will be compromised.

(c) Denial of immediate interlocutory review of the order, which will compel Defendants to engage in a costly litigation for no purpose and end up back in the same place on appeal, will cause irreparable harm not only to Defendants/Appellants, but also to all professionals in this District who in good faith provide services and observe the strictures required of professionals providing services to debtors and trustees in possession in this District.  The Order flips on its head the compensation scheme for such professionals and requires disgorgement of payments made for services rendered without any substantive basis whatsoever.  No prudent professional would provide services to a chapter 11 debtor or trustee under such circumstances.  Undersigned counsel's livelihood is at stake as well.  One defendant, Knobbe Martins, already did the calculus and simply paid the money because it knows that defending itself against a frivolous cause of action in a distant forum will cost more than the demand at issue.  The District Court should use its discretion to take the interlocutory appeal because the appeal will happen either now or later, and no new facts are likely to be developed that would change the legal analysis; the only result,

-7-

an unjust one, will be that the parties and the Bankruptcy Court will have wasted a tremendous amount of time and money.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the District Court grant Defendants' Motion to Allow an Interlocutory Appeal and hear the appeal of the Order.

Dated:  February 16, 2022                                    PARSONS BEHLE & LATIMER

                                                  /s/Brian M. Rothschild
                                    By:        BRIAN M. ROTHSCHILD
                                            Attorneys for Appellants Parsons Behle &
                                            Latimer and Advanced CFO

-8-