UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLIDEBELTS, INC., | No. 2:21-cv-02254-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| PARSON BEHLE & LATIMER, ADVANCED CFO, and KNOBBE MARTENS OLSON & BEAR, | |
| Defendants. | |

This matter is before the Court on Defendants Parsons Behle & Latimer and Advanced CFO's (collectively, "Defendants") Motion for Leave to File Interlocutory Appeal. (ECF No. 3.) Plaintiff SlideBelts, Inc. ("Plaintiff") filed a non-opposition. (ECF No. 8.) For the reasons set forth below, Defendants' motion is GRANTED.

///
///
///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendants seek leave to file an appeal of the Bankruptcy Court's Order denying their motion to dismiss. (Bankruptcy Case No. 19-25064-A-11-A-11, ECF No. 24.) In short, on July 16, 2021, Plaintiff filed a Complaint related to two prior bankruptcy proceedings that requests an order requiring payment by Defendants of certain amounts. (ECF No. 3-2.) On October 13, 2021, Defendants filed a motion to dismiss the Complaint with prejudice, arguing the following: (1) Plaintiff lacks standing because he has not suffered an injury in fact; (2) the Court lost jurisdiction over Plaintiff's assets and causes of action in the first proceeding when Plaintiff filed the second proceeding; (3) disgorgement is not an available remedy as a matter of law; (4) the Bankruptcy Court's June 30, 2020 Order ordered Plaintiff not to make further distributions; (5) the Complaint fails to state a claim for turnover; (6) Plaintiff, not Defendants, is liable for not following the June 30, 2020 Order; and (7) it is undisputed that neither Defendant owes any debt to Plaintiff. (ECF No. 3-3.) On November 16, 2021, the Bankruptcy Court held a hearing on the motion and entered civil minutes with its ruling. (ECF No. 3-4.) The Bankruptcy Court then entered the Order denying the motion (the "November 16, 2021 Order") (ECF No. 3-5), from which Defendants appeal.

### II.   STANDARD OF LAW

"Federal district courts have jurisdiction over appeals of 'final judgments, orders, and decrees' of bankruptcy courts." *In re Perez*, No. 20-CV-1616 JLS (AHG), 2021 WL 1626337, at *2 (S.D. Cal. Apr. 27, 2021) (citing 28 U.S.C. § 158(a)(1)). "Generally, district courts lack jurisdiction over appeals from interlocutory orders of bankruptcy judges except where the district court grants leave to appeal under 28 U.S.C. § 158(a)(3)." *Id.* To determine whether to grant leave to appeal under 28 U.S.C. § 158(a)(3), courts borrow the standards articulated in 28 U.S.C. § 1292(b), which provide leave is appropriate if: (1) "the order involves a controlling question of law as to which there is a substantial ground for difference of opinion"; and (2) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Bondanelli*, No. CV 16-3004 FMO, 2016 WL 3040997, at *2 (C.D. Cal. May 26, 2016) (citing *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994); *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1695 (2015)).

"The party pursuing the interlocutory appeal bears the burden of demonstrating that the statutory requirements are met." *Id.* (citing *McDonnell v. Riley*, No. 15-cv-01832-BLF, 2016 WL 613430, at *4 (N.D. Cal. Feb. 16, 2016); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

Local Rule 145 further provides as follows:

> All motions for leave to file an interlocutory appeal from the Bankruptcy Court to the District Court shall comply with Bankruptcy Rule 8003(a) and be addressed to the District Court. Compliance with Rule 8003(a)(3) requires a concise statement of (1) why the appeal is meritorious, and (2) why interlocutory review is appropriate. The appropriateness of interlocutory appeal should address: (a) whether further proceedings in the Bankruptcy Court will affect the scope of the order to be reviewed; (b) whether the order determines and seriously affects substantive rights; and (c) whether the denial of immediate review will cause irreparable harm to appellant.

E.D. Cal. L.R. 145(a).

### III.   ANALYSIS

Defendants argue an interlocutory appeal of the November 16, 2021 Order is appropriate because: (1) the issue for appeal is legal and on undisputed facts; (2) the issue is novel as "no party has been able to find an analogous case in which a debtor has been held to have stated a cause of action against a creditor to pay funds to a third party, and there is no case where a debtor has been held to have a cause of action against a party for repayment of funds on a legitimate antecedent debt but where it is admitted that the debtor has no cause of action for fraudulent transfer or preference"; (3) there is a difference of opinion between the Bankruptcy Court and Defendants; and (4) resolution of this issue would dispose of the litigation entirely, saving substantial resources. (ECF No. 3 at 11–12.) As noted previously, Plaintiff does not oppose Defendants' motion. (ECF No. 8.)

Here, the Court sees no reason not to believe the arguments Defendants set forth in their motion. The Court therefore finds Defendants have adequately satisfied their burden of demonstrating that the aforementioned statutory requirements have been met. *In re Bondanelli*, 2016 WL 3040997, at *2. First, Defendants have established that resolution of Plaintiff's Complaint requesting an order requiring payment by Defendants of certain amounts contains "a substantial ground for difference of opinion." *Id.* Second, Defendants have established that an

appeal of the Bankruptcy Court's Order denying their motion to dismiss "may materially advance the ultimate termination of the litigation." *Id.*

The Court also notes Defendants have satisfied the requirements of Local Rule 145, as Defendants note: (1) "[f]urther proceedings in the Bankruptcy Court will not affect the scope of the Order in this case" as the first prior bankruptcy proceeding has been closed for more than a year and a plan has already been consummated in the second prior bankruptcy proceeding; (2) the parties' substantive rights are at issue as they will be required to engage in costly litigation and a trial if the November 16, 2021 Order is not overturned; and (3) denial of immediate interlocutory review will compel Defendants "to engage in a costly litigation for no purpose and end up back in the same place on appeal, will cause irreparable harm not only to Defendants/Appellants, but also to all professions in this District who in good faith provide services and observe the strictures required of professionals providing services to debtors and trustees in possession in this District." (*See* ECF No. 3 at 12–13.)

Accordingly, the Court GRANTS Defendants' motion.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Leave to File Interlocutory Appeal.  (ECF No. 3.)

IT IS SO ORDERED.

**DATED: May 12, 2022**

Troy L. Nunley
United States District Judge