1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PARSONS BEHLE AND LATIMER, et          No.  2:21-cv-02254-DAD
     al.,
12                                          Appeal from the United States Bankruptcy
                    Appellants-Defendants,  Court for the Eastern District of California,
13                                          Fredrick E. Clement, Bankruptcy Judge
           v.
14                                          Bankruptcy Petition No. 19-25064-A-11
     SLIDEBELTS, INC.,
15                                          Adversary Proceeding No. 21-02052-A
                    Appellee-Plaintiff.
16                                          ORDER REVERSING BANKRUPTCY
                                            COURT'S ORDER DENYING
17                                          DEFENDANTS' MOTION TO DISMISS

18

19         This matter is before the court on appeal by appellants-defendants Parsons Behle and

20   Latimer and Advanced CFO (collectively, "appellants") from a November 20, 2021 order by the

21   U.S. Bankruptcy Court for the Eastern District of California denying appellants' motion to

22   dismiss the complaint filed by appellee-plaintiff Slidebelts, Inc. ("appellee") initiating an

23   adversary proceeding arising in appellee's first of two Chapter 11 bankruptcy cases.  After

24   reviewing the briefing filed in connection with this appeal, on August 27, 2024, the court held

25   oral argument, with attorney Brian Rothschild appearing on behalf of appellants and attorney

26   Stephen Reynolds appearing on behalf of appellee.  For the reasons explained below, the court

27   will reverse the November 20, 2021 order, grant appellants' motion to dismiss, and remand this

28   matter to the bankruptcy court to dismiss and close the adversary proceeding.

                                              1

1

**BACKGROUND**

2      This appeal arises from an adversary proceeding related to the first of two Chapter 11

3 bankruptcy cases brought by Slidebelts, Inc. (the "Debtor" or "appellee"), which was filed on

4 August 12, 2019, No. 19-25064, Bankr. E.D. Cal., ("*Slidebelts I*").  *See Slidebelts, Inc. v. Parsons*

5 *Behle and Latimer, et al.*, No. 21-02052 (Bankr. E.D. Cal. 2021) (the "Adversary Proceeding").

6 The Debtor filed the complaint initiating the Adversary Proceeding on July 16, 2021 against three

7 defendants:  (1) Parsons, Behle, and Latimer ("Parsons"), the Debtor's former court-approved

8 bankruptcy counsel; (2) Advanced CFO, the Debtor's former financial advisor; and (3) Knobbe

9 Martens Olson & Bear.[1]  (*See* Doc. No. 20-10.)  In its complaint, the Debtor seeks to recover

10 certain amounts of the attorneys' fees and expenses that the bankruptcy court had approved and

11 that the Debtor had already paid, because those amounts exceeded what would have been their

12 respective pro rata shares of the fees to be paid to administrative professionals in *Slidebelts I*.

13 (*Id.*)  Specifically, Parsons was paid $116,029.10 in total,[2] which the Debtor asserts is $41,130.92

14 in excess of its pro rata share of distributions to administrative claimants.  (*Id.* at ¶¶ 3, 5, 8.)

15 Advanced CFO was paid $11,969.25, which the Debtor asserts is $7,296.89 in excess of its pro

16 rata share.  (*Id.* at ¶¶ 3, 6, 8.)

17      The court notes that Debtor's complaint is titled "Complaint for Turnover of Fees and

18 Expenses and for Authority to Make Equalizing Payments," but the brief 8-paragraph complaint

19 filed by Debtor does not clearly identify any particular cause of action.  (*See* Doc. No. 20-10.)

20 The complaint seeks relief as follows:

21
22
23

> Debtor requests that this Court enter an order requiring the
> repayment of funds by Parsons Behle & Latimer in the amount of
> $41,130.92, Advanced CFO in the amount of $7,296.89 and
> Knobbe, Martens, Olson & Bear LLP in the amount of $2,487.93.

24  [1]  Plaintiff voluntarily dismissed defendant Knobbe Martens Olson & Bear on August 19, 2021.
   (Adversary Proceeding, Doc. No. 9.)
25

26  [2]  On December 13, 2019, Parsons's first request for fees and expenses was approved by the
   bankruptcy court, which authorized and directed the Debtor to pay Parsons $54,951.74.  (Doc.
27 No. 20-6 at 2.)  On May 19, 2020, Parsons's second request was approved by the bankruptcy
   court, which authorized and directed the Debtor to pay Parsons $60,708.00 in fees and $2,286.86
28 in expenses.  (*Slidebelts I*, Doc. No. 320.)

1
2
3

> Plaintiff requests that the fees be paid to Mr. David Sousa the Subchapter V Trustee in Case No. 20-24098-A-11 [*Slidebelts II*] and that those funds be distributed pro rata to the allowed administrative claim holders in Case No. 19-25064-A-11 [*Slidebelts I*].

4
5
6
7

> [Debtor] respectfully requests a judgment compelling Defendants to make equalizing payments as described above and authorizing Subchapter V Trustee, David Sousa to distribute funds received to allow for equalizing payments between the administrative priority creditors in Case No. 19-25064-A-11 [*Slidebelts I*] and for such other and further relief as this court deems proper.

8    (*Id.* at 3.)

9    The Debtor also alleges in the complaint that its adversary proceeding "seeks to

10   implement" an order issued by the bankruptcy court in *Slidebelts I* on June 30, 2020, in which,

11   according to the Debtor, the bankruptcy court "require[d] that allowed administrative priority

12   claims be paid pro rata."  (*Id.* at ¶ 4.)  The Debtor did not include in its complaint the text of the

13   bankruptcy court's June 30, 2020 order, which stated:

14
15

> Upon further reflection, the court modifies its rulings on the debtor's motion to dismiss and debtor's counsel's application for compensation:

16
17

> 1.  debtor's motion to dismiss the chapter 11 case is granted, and the case is hereby dismissed;

18
19

> 2.  as to Parsons Behle & Latimer's ("the firm") motion for additional compensation and request to finalize all interim application for compensation and reimbursement, it is hereby ordered that the application is granted to the extent provided herein:

20
21

> A.  the firm's first interim application for compensation and reimbursement in the amounts of $46,847.50 and $8,104.24, respectively, are approved on a final basis;

22
23

> B.  the firm's second interim application for compensation and reimbursement in the amounts of $60,708.00 and $2,286.86, respectively, are approved on a final basis;

24
25

> C.  the firm's third and final application for compensation and reimbursement in the amounts of $67,753.50 and $6,167.81, respectively, are approved on a final basis;

26
27

> D.  all other requests for compensation and expenses are disapproved;

28

> 3.  debtor shall not make further payment of administrative expenses, 11 U.S.C. §§ 503(b), 507(a)(2), to any claimant

3

1
2

(including its counsel) and Parsons Behle & Latimer shall not apply retainer, if any, held to such approved administrative expenses, except as provided herein;

3
4
5
6

4.    not later than July 13, 2020, any professional holding an administrative claim, 11 U.S.C. §§ 503(b), 507(a)(2), shall file and serve such final applications for approval as are required by the code and/or rules, noticed under LBR 9014-1(f)(2) and shall set the matter for hearing on August 3, 2020, at 1:30 p.m.; opposition be filed not later than July 27, 2020; reply is waived;

7
8

5.   not later than August 10, 2020, the debtor shall simultaneously pay all professionals holding an approved administrative claim under 11 U.S.C. § 503(b):

9
10
11
12
13

A.    in full, i.e., the entire amount of compensation and expenses approved by the court or if payment in full is not possible, shall pay such claims pro-rata, *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1356 fn. 22 (9th Cir. 1983) (insolvent estates pay administrative claims pro-rata); *In re Lazar*, 83 F.3d 306, 308-09 (9th Cir. 1996); *Czyzewski v. Jevic Corp.*, 137 S. Ct. 973, 983-85 (2017) (dismissal of chapter 11 may not be used to order bankruptcy code priorities with the consent of the affected party);

14

B.   file a declaration specifying in detail compliance with paragraph 5(A) hereof;

15
16

6.   the status conference is continued to August 17, 2020, at 1:30 p.m.;

17

7.   the Clerk of the Court shall not close this case without further order of this court; and

18
19

8.   the court retains jurisdiction over applications for, as well as payment of, administrative claims and to enforce the terms of this order.

20

(Doc. No. 20-7 at 2.)

21      On August 25, 2020, the Debtor filed its second bankruptcy case, a Chapter 11 Subchapter

22  V petition: *In re Slidebelts*, No. 20-24098, Bankr. E.D. Cal. ("*Slidebelts II*").  On October 4,

23  2021, the bankruptcy court issued an order confirming the Debtor's third amended plan of

24  reorganization under Chapter 11 Subchapter V.  (*Slidebelts II*, Doc. Nos. 353, 355.)  That

25  confirmed plan, which included a redline addendum dated July 16, 2021, required the Debtor to

26  pursue recovery of the fees it had already paid to Parsons and Advanced CFO in excess of their

27  pro rata share.  (*Slidebelts II*, Doc. Nos. 355 at 46–50.)  Accordingly, the Debtor initiated this

28  adversary proceeding by filing its complaint on July 16, 2021, and the confirmed plan explicitly

1    states that:  "Debtor shall prosecute this Complaint to judgment or settlement, which if settled,

2    will require court approval.  Failure to pursue this Complaint shall be considered a material

3    default under the Plan."[3]  (Doc. No. 20-12 at 48.)

4           On October 13, 2021, appellants filed a motion to dismiss the adversary proceeding

5    complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable by Rule 7012

6    of the Federal Rules of Bankruptcy Procedure.  (*Adversary Proceeding*, Doc. No. 15.)  In that

7    motion, defendants asserted several bases for dismissal:

8           (1) The Debtor has not suffered an injury in fact and, therefore,
            lacks standing.  It is undisputed that the Defendants neither injured
9           the Debtor nor owe any debt to the Debtor: to the contrary, the
            Debtor owes Parsons Behle $75,838.81.
10

11          (2)   Unlike in a case converted to chapter 7, the Court lost
            jurisdiction over the Debtor's assets and causes of action in the First
            Case [*Slidebelts I*] when the Debtor filed the second petition for
12          relief, Case No. 2020-24098 (the "Second Case") [*Slidebelts II*].

13          (3)   Even in a chapter 7 case converted from chapter 11 that is
            administratively insolvent, disgorgement is not an available remedy
14          as a matter of law.

15          (4)   The Court's June 30 Order did not order disgorgement, but
            rather, ordered the Debtor not to make further distributions.  Both
16          Debtor and Defendants have complied with that Order, and, even if
            they had not, the Order does not provide a cause of action for
17          failure to obey nor does it give *the Debtor* a claim against
            Defendants.
18

19          (5)  The Complaint fails to state a claim for turnover under section
            542 because turnover requires an undisputed account *owed to the*
            *debtor* or identifiable property *of the debtor* not subject to dispute
20          or setoff, neither of which is the situation here.

21   (*Id.* at 5.)  Although the Debtor filed an opposition to the motion to dismiss, it did not address

22   these asserted bases for dismissal.  Rather, the Debtor merely states that the bankruptcy court in

23   *Slidebelts I* "retained jurisdiction to allow for a pro rata distribution of estate resources among the

24   holder of allowed priority fees and expenses" and "[t]he present action is designed to accomplish

25   that end."  (*Adversary Proceeding*, Doc. No. 17 at 2.)  The Debtor further stated that "[t]he

26   ---
     [3]  The plaintiff-debtor, through its new counsel Stephen Reynolds, and defendants Parsons and
27   Advanced CFO repeatedly reached settlements of the adversary proceeding, but the bankruptcy
     court denied their motions for court approval of their settlement, with the most recent denial
28   occurring on May 31, 2023.  (*Adversary Proceeding*, Doc. Nos. 402, 409, 411, 421, 422, 439.)

1    current complaint is a creature of the June 30, 2020 dismissal order and the Court's Memorandum

2    filed July 6, 2020," which denied the Debtor's request for the bankruptcy court to modify its June

3    30, 2020 order.  (*Id.*; *Adversary Proceeding*, Doc. Nos. 418, 419.)

4           On November 16, 2021, the bankruptcy court heard argument on defendants' motion to

5    dismiss, orally denied the motion, and issued twelve pages of "civil minutes" explaining the

6    court's reasoning, which were entered on the docket on November 19, 2021.  (Doc. No. 3-4.)  The

7    next day, on November 20, 2021, the bankruptcy court issued an order denying the motion to

8    dismiss, which was entered on the docket on November 22, 2021.  (Doc. No. 3-5.)

9           On December 6, 2021, appellants-defendants filed the notice of bankruptcy appeal

10   initiating the appeal before this district court of the bankruptcy court's November 20, 2021 order

11   denying their motion to dismiss.  (Doc. No. 1.)  On February 16, 2022, appellants filed a motion

12   for leave to file the interlocutory appeal, which appellee did not oppose, and which the court

13   granted on May 13, 2022.[4]  (Doc. Nos. 3, 8, 9.)

14          After some delay due to the parties' settlement efforts, the certificate of record and

15   briefing schedule were issued on October 13, 2023.  (Doc. No. 19.)  On December 28, 2023,

16   appellants filed their opening brief.  (Doc. No. 20.)  On January 29, 2024, appellee filed a two-

17   page responding brief.  (Doc. No. 21.)  On April 1, 2024, appellants filed a notice of readiness for

18   oral argument.  (Doc. No. 22.)  As noted, the court held oral argument on this appeal on August

19   27, 2018, and the matter was submitted for decision.  (Doc. No. 25.)

20                                    **STANDARD OF REVIEW**

21          "[T]he district court functions as an appellate court in reviewing a bankruptcy decision

22   and applies the same standards of review as a federal court of appeals."  *Vitalich v. All. Bancorp*,

23   No. 16-cv-06231-BLF, 2017 WL 4224679, at *2 (N.D. Cal. Sept. 22, 2017) (quoting *In re*

24   *Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001)).  "A bankruptcy court's conclusions

25   of law are reviewed de novo and findings of fact are reviewed for clear error."  *In re Sui*, No. 12-

26   cv-01501-MWF, 2013 WL 12471956, at *2 (C.D. Cal. Apr. 18, 2013) (citing *In re Int'l*

27

28   ──────────────────────────
     [4]  On August 25, 2022, this case was reassigned to the undersigned.  (Doc. No. 10.)

1   *Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)).  Orders ruling on motions to dismiss brought

2   pursuant to Rule 12(b)(6) are reviewed de novo.  *In re Sui*, 2013 WL 12471956, at *2 ("An order

3   denying a motion to dismiss is reviewed de novo."); *Vitalich*, 2017 WL 4224679, at *2 ("A

4   dismissal for failure to state a claim under Rule 12(b)(6) is reviewed de novo.").  Even in a

5   bankruptcy appeal, "[w]ith respect to a motion to dismiss under Rule 12(b)(6), the Court follows

6   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662

7   (2009)."  *In re Sui*, 2013 WL 12471956, at *2.

8         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

9   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

10  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

11  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

12  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

13  relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility

14  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

15  that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.

16                                        **DISCUSSION**

17        As a preliminary matter, the court notes that the bankruptcy court's November 16, 2021

18  civil minutes correctly outlined the legal standard that applies to motions to dismiss brought

19  pursuant to Rule 12(b)(6), including that courts "take[] notice of the elements of the claim to be

20  stated."  (Doc. No. 3-4 at 11–13.)  However, the bankruptcy court did not adhere to that legal

21  standard in analyzing the Debtor's complaint and concluding that the Debtor sufficiently "states

22  at least two plausible theories of recovery against defendants."  (*Id.* at 12.)  The bankruptcy court

23  did not identify the elements of those two purported claims nor explain how the allegations in the

24  Debtor's complaint, if proven, would satisfy those elements.

25        First, the bankruptcy court briefly quotes the Ninth Circuit's decision in *In re Cochise*

26  *College Park, Inc.*, 703 F.2d 1339 (9th Cir. 1983), which cites the Fifth Circuit's decision in

27  *Thomas Corp. v. Nicholas*, 221 F.2d 286 (5th Cir. 1955), regarding the right of a trustee or debtor

28  in possession to recover overpayments.  (*Id.* at 12.)  Without specifying what the cause of action

1    is, the bankruptcy court concluded that there is a "cause of action recognized by *Thomas Corp.*

2    and *Cochise Park*," and "[t]hat alone is a sufficient basis to deny defendants' motion." (*Id.* at 12.)

3    However, as appellants emphasize in their opening brief (Doc. No. 20 at 31–34), *Cochise Park* is

4    inapposite and does not recognize a cause of action as suggested by the bankruptcy court.  In

5    *Cochise Park*, the bankruptcy trustee was found personally liable for unjustly enriching himself

6    by collecting loan payments from homebuyers, even though the funds from those promissory

7    notes were not part of the bankruptcy estate. *In re Cochise*, 703 F.2d 1344–46.  Importantly for

8    purposes of the present appeal, there are no allegations of any unjust enrichment by appellants or

9    allegations that appellants received the funds through wrongful conduct.  Further, in its June 30,

10   2020 order, the bankruptcy court did not order appellants to disgorge or repay any of the amounts

11   that the court had already approved and that the Debtor had already paid.  In short, the bankruptcy

12   court's reliance on *Cochise Park* is unavailing because the bankruptcy court did not identify any

13   specific claim or cause of action stemming from the decision in *Cochise Park* nor identify the

14   requisite elements of such a claim.

15        Second, the bankruptcy court quoted 11 U.S.C. § 542 (the statute providing for turnover

16   of estate property by third parties) and an excerpt from a practice guide regarding limitations to

17   § 542, and concluded that the Debtor had sufficiently stated a cognizable claim for turnover.

18   (Doc. No. 3-4 at 13.)  The bankruptcy court reasoned that a claim for turnover was sufficiently

19   stated because "[a]s of August 25, 2020, the date *Slidebelts II* was filed, the debtor's rights to

20   recover payment were fixed," and by that date, "all applications for compensation had been heard

21   and, therefore, the amount necessary to equalize payment to administrative claimants was subject

22   to mathematical computation." (*Id.*)  But the bankruptcy court omitted reference to the

23   subsequent history in *Slidebelts I*, including that on September 4, 2020, creditor Brinkman

24   Portillo Ronk, APC ("Brinkman") had filed a motion requesting that the bankruptcy court

25   reconsider its order on Brinkman's fee application, which the court granted on December 10,

26   2020, awarding approximately $14,000 more in fees than it had awarded on August 20, 2020.

27   (*Slidebelts I*, Doc. Nos. 479, 488, 490, 527.)  This modification to the amount awarded to

28   Brinkman necessarily impacted the pro rata distribution calculations.  Thus, contrary to the

1    bankruptcy court's conclusion, the amount allegedly due to be turned over was not fixed as of

2    August 25, 2020.  Moreover, "turnover proceedings involve return of *undisputed* funds."  *In re*

3    *Gurga*, 176 B.R. 196, 199 (B.A.P. 9th Cir. 1994).  In its complaint, the Debtor seeks an order

4    from the court requiring appellants to turnover funds that were awarded and paid for fees and

5    expenses—but those funds are not undisputed property of the bankruptcy estate.  For these

6    reasons, despite being titled "Complaint for Turnover of Fees and Expenses," the Debtor's

7    complaint does not state a cognizable claim for turnover.

8           In sum, neither of the two purported causes of action are sufficiently stated in the Debtor's

9    complaint.

10          In addition, the bankruptcy court's November 16, 2021 civil minutes summarized the

11   defendants' motion to dismiss as advancing the argument that the June 30, 2020 order "does not

12   create any right to recover from [defendants]."  (Doc. No. 3-4 at 7.)  The bankruptcy court stated

13   that it disagreed with this argument, emphasizing that courts have authority to construe their own

14   orders, and the June 30, 2020 order "described the end result; it made no effort to specify the

15   mechanism by which that result was obtained.  But if necessary to achieve parity in treatment of

16   administrative creditors, [debtor] Slidebelts' adversary proceeding to recover those overages was

17   well within the terms of this court's order."  (*Id.*)  While the undersigned acknowledges a court's

18   authority to interpret its own orders entered in a case, that principle does not provide authority for

19   a court to create a cause of action where none exists to be pursued in a different case.  This is true

20   even if the relief sought by that cause of action in a new proceeding could have been ordered by

21   the court in the original proceeding or is consistent with what the court had intended to order in

22   the original proceeding.  Moreover, the fact that a confirmed plan of reorganization reserves a

23   cause of action or requires the debtor to file a complaint asserting a particular claim does not

24   mean that such a cause of action exists.  Here, it is clear that no such cause of action exists, and

25   consequently no cognizable claim has been alleged in the Debtor's complaint.

26          For all of these reasons, the undersigned concludes that the bankruptcy court erred in

27   denying appellants-defendants' motion to dismiss the Debtor's complaint in the Adversary

28   Proceeding.  Accordingly, the court will grant appellants-defendants' motion to dismiss due to

9

appellee-plaintiff's failure to state a cognizable claim.[5]  The court also finds that under these circumstances, the granting of leave to amend would be futile.  Notably, at oral argument, appellee's counsel confirmed that leave to amend was not requested and would indeed be futile.

**CONCLUSION**

Accordingly:

1.     The bankruptcy court's order dated November 20, 2021 denying appellants-defendants' motion to dismiss is reversed;

2.     Appellants-defendants' motion to dismiss appellee-plaintiff's complaint in the Adversary Proceeding, No. 21-02052, is granted;

3.     The case is remanded to the bankruptcy court with instructions to dismiss and close the Adversary Proceeding, No. 21-02052, due to plaintiff's failure to state a cognizable claim for relief; and

4.     The Clerk of the Court is directed to enter judgment in favor of appellants and close this case.

IT IS SO ORDERED.

Dated:   **August 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[5]  Because the court's conclusion in this regard disposes of the appeal in its entirety, the court does not reach the appellants' other arguments.

10